Catron, J.
delivered the opinion of the court.
Can a suit in chancery be revived by a defendant? The rule is, that where a representative has an interest in the further prosecution of the suit, he may revive, otherwise he cannot. 10 Ves. 400, Williams vs. Cook: 12 Ves. 317, Harwood vs. Schmedes. Lord Hardwicke, in 3 Atk. 691, says that the delendant can only revive in cases of account. See 2 Ver. 219, 296. What interest have the devisees of Green Hill, that Thompson should prosecute this suit? None, but that the injunction should be dissolved, and they have their benefit of the judgment at law; and this is not such interest as will authorize a bill *419 of revivor. 12 Ves. 311. Nor has this court the power to compel Thompson to revive. He may file a new bill if he choose, and never revive. Spencer vs. Wray, 1 Ver. 476: 3 Atk. 486. That the cause cannot be revived upon motion, when the parties applying have the power to revive, is the settled rule of this court, and ought not to be departed from. The rules of practice involved in this cause, are thought not to be affected by our statutes authorizing revivals. The practice in equity, before the passage of the statutes, in the time of Lord Hardwicke, was the same in principle that it now is in the courts of law, except that no party is authorized to ask the aid of a court of chancery, actively, without showing an interest in the matter litigated. He who files a bill of revivor, although a defendant, asks the active aid of the court. The only interest of Hill’s devisees, is to have the injunction dissolved. ' In an ordinary case, this would be a matter of course, unless a bill of revivor was filed, say in eight days, by complainant. 2 Maddox’s Chancery, 401.
By the act of 1801, ch. 6, sec. 46, an injunction is not to be dissolved until the final hearing. This statute only meant to restrain a dissolution of the injunction in the ordinary way, upon bill and answer; but was never intended to apply to a case like this, where there is an abatement, and when the record of the cause is only retained for the benefit of the complainant, who may revive if he choose. This court, having no power to force him to speed the cause by a revival, or take any step therein, but by discharging the injunction, which in the present case ought to have been done, unless within-days the bill of revivor is filed, to which the devisees may come in and answer if they choose. In truth, the injunction in such cases stands dissolved by the death of the defendant, but the representative cannot take out execution at law without being guilty of a contempt of the court, unless he obtains leave, which is never refused, unless a *420 bill of revivor is filed within a reasonable time. It is believed, without doubt, that the act of 1S01 does not apply to a case like the present.
Even if the complainant in this case comes in to revive, he must file a supplemental bill to bring the devisees of Green Hill before the court; a bill of revivor will not effect the purpose.
Motion denied.